**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Crim. No. 07-20084-02-KHV |
| v. ) | |
| ) | Civil No. 08-2208-KHV |
| LINDA A. SHOMAKER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

On October 22, 2007, defendant pled guilty to one count of aggravated identity theft under 18 U.S.C. § 1028(a)(1)-(2). On January 28, 2008, the Court sentenced defendant to 23 months in prison. See Judgment In A Criminal Case (Doc. #76) filed January 29, 2008. Defendant currently is in custody at a Bureau of Prisons ("BOP") facility in Houston, Texas. This matter is before the Court on defendant's Motion Under 28 U.S.C. Section 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #84) filed May 5, 2008. For reasons stated below, the Court dismisses defendant's motion.

Defendant brings her motion under 28 U.S.C. § 2255. Initially, the Court addresses whether it has jurisdiction to hear the motion. Defendant argues that the BOP should consider her for a halfway house, community confinement, or home confinement. Such a claim does not attack the validity of her conviction or sentence. Instead, defendant claims that the BOP is improperly executing her sentence. Such a claim falls within 28 U.S.C. § 2241. See Levine v. Apker, 455 F.3d 71, 77-78 (2d Cir. 2006) (challenge to place of confinement attacks execution of sentence); United States v. Michaud, No. 99-cr-544-3, 2007 WL 4293078, at *1 (N.D. Ill. Dec. 3, 2007) (challenge to BOP restriction on consideration for halfway house, community confinement or home

confinement must be brought under Section 2241 because it attacks execution of sentence); United States v. Balis, No. 03-cr-1028, 2007 WL 4116166, at *2 (S.D.N.Y. Nov. 16, 2007) (same); United States v. Hood, No. 04-cr-00291-8, 2006 WL 3392635, at *2 (E.D. Ark. Oct. 18, 2006) (same); see also Davis v. Wiley, 260 Fed. Appx. 66, 68 (10th Cir. Jan. 2, 2008) (claim which attacks BOP authority under federal regulations to establish and enforce special assessment and restitution amounts attacks execution of sentence and is properly raised in Section 2241 petition); Davis v. Roberts, 425 F.3d 830, 833 (10th Cir. 2005) (challenge to execution of sentence should be brought under Section 2241); Graves v. United States, 124 F.3d 204 (Table), 1997 WL 547924, at *1 (7th Cir. Aug. 29, 1997) (challenge to BOP decision not to place defendant in boot camp must be raised in Section 2241 motion).

A petition brought under 28 U.S.C. § 2241 "must be filed in the district where the prisoner is confined." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Because defendant is confined in Houston, Texas, this Court lacks jurisdiction to hear her claim under Section 2241. The Court therefore dismisses defendant's motion under Section 2255 so that defendant may re-file it under Section 2241 in a court of competent jurisdiction. See United States v. Storm, No. 07-4179, 2008 WL 2405740, at *2 (10th Cir. June 16, 2008). The Court advises defendant that in order to file a petition under Section 2241, she must exhaust her administrative remedies with the BOP if she has not already done so. See id. at *2 n.1.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. Section 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #84) filed May 5, 2008 be and hereby is **DISMISSED without prejudice**.

Dated this 3rd day of July, 2008 at Kansas City, Kansas.

                                           s/ Kathryn H. Vratil
                                           KATHRYN H. VRATIL
                                           United States District Judge